UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL L. CARPENTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THURSTON COUNTY,<br><br>　　　　　Defendant. | CASE NO. 3:21-cv-05859-BJR-JRC<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

This matter is before the Court on referral from the District Court and on plaintiff's motion to appoint counsel. Dkt. 10.

There is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of

the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In support of his motion to appoint counsel, plaintiff lists barriers that are common to *pro se* prisoners. For example, he states that he is unable to afford counsel, that his imprisonment will greatly limit his ability to litigate, and that having counsel will allow him to better present evidence and examine witnesses in trial. *See* Dkt. 10. Unfortunately, because these barriers are common, they are not considered exceptional circumstances that warrant the appointment of counsel. *See Siglar v. Hopkins*, 822 Fed. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants) (citations omitted); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (holding that limitations in plaintiff's ability to prepare for trial due to his imprisonment were not exceptional circumstances to appoint counsel). There may come a time when the courts or Congress will recognize that these conditions compel the appointment of counsel without charge. But we are not there yet. Therefore, the law says these conditions, alone, do not compel this Court to appoint counsel without charge.

Also, plaintiff has not established a likelihood of success on the merits, and it is unclear if he wishes to proceed with this action. On March 16, 2022, this Court ordered plaintiff to update his address after the Postal Service returned mail that the Clerk's Office sent to plaintiff because plaintiff was no longer at Thurston County Jail. *See* Dkt. 18. The Court gave plaintiff until May

1  11, 2022 to update his address. As of the date of this order, plaintiff has not updated his address
2  or filed anything with the Court to indicate that he wishes to proceed with his action.

3  Therefore, plaintiff's motion (Dkt. 10) is denied without prejudice, meaning that plaintiff
4  may renew the motion at a later date upon a showing of exceptional circumstances.

5  The Clerk is directed to send a copy of this Order to plaintiff's last known address.

6  Dated this 8th day of April, 2022.

J. Richard Creatura
Chief United States Magistrate Judge