UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL L. CARPENTER,

            Plaintiff,

v.

THURSTON COUNTY,

            Defendant.

CASE NO. 3:21-cv-05859-BJR-JRC

REPORT AND RECOMMENDATION

NOTED FOR: July 1, 2022

This matter is before the Court on referral from the district court and on defendant's motion for summary judgment. *See* Dkt. 23.

Plaintiff brings suit under 42 U.S.C. § 1983 and alleges that when he was a pretrial detainee at Thurston County Jail, defendant violated his Fourteenth Amendment rights. Specifically, plaintiff claims that defendant was deliberately indifferent to the risk of COVID-19 infection by failing to implement COVID-19 safety policies, which led to plaintiff becoming infected with COVID-19 and suffering permanent lung damage and "covid brain."

REPORT AND RECOMMENDATION - 1

1    Defendant moved for summary judgment based on an alleged failure to exhaust
2    administrative remedies and because plaintiff could not prove that defendant was deliberately
3    indifferent to the risk of COVID-19 in Thurston County Jail. The Court disagrees that plaintiff
4    failed to exhaust his administrative remedies.
5    However, plaintiff failed to come forward with evidence that defendant was deliberately
6    indifferent to the risk of COVID-19 for prisoners in Thurston County Jail and did not request
7    additional time to get evidence. Notably, plaintiff concedes that defendant implemented COVID-
8    19 policies—which plaintiff initially claimed did not exist—but now claims that those policies
9    were not enforced. However, plaintiff only provides conclusory allegations and speculation to
10   support this position and does not directly implicate defendant. Therefore, the evidence presented
11   is not enough to survive summary judgment.
12   Accordingly, the Court recommends that defendant's motion for summary judgment be
13   granted and plaintiff's claim be dismissed with prejudice.

## BACKGROUND

15   Plaintiff initiated this action in November 2021. *See* Dkt. 1. After an initial screening, the
16   Court granted plaintiff's application to proceed *in forma pauperis* ("IFP") and plaintiff filed his
17   amended complaint. *See* Dkts. 4–9. Plaintiff brings one 42 U.S.C. § 1983 claim against
18   defendant Thurston County pursuant to a violation of plaintiff's Fourteenth Amendment rights
19   based on defendant's alleged deliberate indifference to the risk of contracting COVID-19 in
20   Thurston County Jail. *See id.* at 4, 7–16. Specifically, plaintiff alleges that defendant failed to
21   implement COVID-19 protocols such as social distancing, wearing face masks, having hand
22   sanitizers available, and quarantining individuals. *See id.* at 7–8. Plaintiff seeks damages and
23   injunctive relief. *Id.* at 6.

On May 4, 2022, defendant filed a motion for summary judgment seeking dismissal of plaintiff's one claim. *See* Dkt. 23. Defendant filed a *Rand* notice informing plaintiff that summary judgment could result in dismissal of his claim without trial and that he had to come forward with evidence supporting his claim. *See* Dkt. 26. In its motion for summary judgment, defendant argues that plaintiff failed to properly exhaust his administrative remedies before bringing this action and that he has failed to establish a violation of his Fourteenth Amendment rights.

Plaintiff filed a response that was signed under penalty of perjury, which the Court will consider as evidence. *See* Dkt. 28. Defendant filed its reply brief on May 27, 2022. The motion is ripe for review.

## DISCUSSION

### I.   Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When ruling on a summary judgment motion, the Court must take the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

The opposing party cannot rest solely on his pleadings but must produce significant, probative evidence in the form of affidavits, and/or admissible discovery material that would allow a reasonable jury to find in his favor. *Anderson*, 477 U.S. at 249–50. Conclusory

1 allegations and mere speculation are not enough to create a genuine issue of material fact. *See, e.g.*, *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it[.]" Fed R. Civ. P. 56(e)(3). Finally, because plaintiff is *pro se*, the Court liberally construes the pleadings and affords plaintiff the benefit of any doubt. *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

**II.   Exhaustion**

Defendant argues that plaintiff failed to properly exhaust the remedies available to him at Thurston County Jail. *See* Dkt. 23 at 5. The Prison Litigation Reform Act ("PLRA") mandates that prisoners exhaust all available administrative remedies before they file a suit under § 1983. *See* 42 U.S.C. § 1997e(a); *Akjtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012). A court must dismiss a prisoner's claim if the claim is unexhausted. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). The defendant has the initial burden to prove that the prisoner had an available administrative remedy that he did not exhaust. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If the defendant meets that burden, it then shifts to the plaintiff to show that "there is something in his particular case that made existing and generally available administrative remedies effectively unavailable to him." *Id.* Further, exhaustion must occur before litigation, not during. *See McKinney*, 311 F.3d at 1199.

1    Here, defendant concedes that plaintiff filed grievances concerning the nature of
2 plaintiff's action before he initiated this action. *See* Dkt. 23 at 6. However, defendant argues that,
3 because plaintiff filed the grievances a year after he was allegedly exposed to COVID-19, the
4 grievances were filed too late to give defendant an opportunity to resolve the issue. *See* Dkt. 23
5 at 6. The Court disagrees that plaintiff failed to exhaust his administrative remedies.

6    Defendant points to no authority for the proposition that plaintiff could not submit his
7 grievances after he was exposed to COVID-19. Defendant's reliance on *Griffin v. Arpaio*, 557
8 F.3d 1117 (9th Cir. 2009) is misplaced. *Griffin* is concerned with the level of detail that is
9 required in a grievance to put defendants on notice. *See Griffin*, 557 F.3d at 1120. It does not
10 stand for the proposition that the grievance must be filed within a certain time during or after an
11 alleged harm. Further, defendant's position is contrary to Ninth Circuit precedent which treats a
12 failure to exhaust administrative remedies "as a curable defect and should generally result in a
13 dismissal without prejudice." *City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th
14 Cir. 2009), as amended (Aug. 20, 2009*)* (citing *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056,
15 1063 (9th Cir. 2007)).

16    The Court recognizes that certain procedures require grievances to be filed within a
17 certain time, and a failure to file a grievance during that time is considered abandonment. *See*
18 *Manley v. Rowley*, 847 F.3d 705, 712 (9th Cir. 2017). However, defendant does not argue that
19 the grievance process at Thurston County Jail has that requirement, and a review of the policy
20 defendant submitted with its motion does not reveal any limitations regarding when a prisoner
21 can file a grievance. *See* Dkt. 25 at 13–15. Therefore, the Court concludes that plaintiff has
22 properly exhausted his administrative remedies.
23 ///
24

### III. Deliberate Indifference

As a pretrial detainee, plaintiff's deliberate indifference claim is analyzed under the objective standard set forth in *Gordon v. County of Orange*—

> (i) the defendant made an intentional decision with respect to the conditions under which plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused plaintiff's injuries.

888 F.3d 1118, 1125 (9th Cir. 2018). As to the third element, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Municipalities, such as Thurston County, are entities which may be held liable for claims under 42 U.S.C. § 1983. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, to assert a claim of municipal liability, a plaintiff "must establish that 'the [municipality] had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [plaintiff] suffered.'" *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (quoting *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007)).

#### A. Defendant's Evidence

Defendant relies on a declaration from Todd Thoma, Chief Deputy of Corrections for Thurston County, which details Thurston County Jail's response to the COVID-19 pandemic. *See* Dkt. 25. Mr. Thoma is responsible for "all aspects of Thurston County Jail operations" and has been in that position since 2007. *Id.* at 1. According to Mr. Thoma, in April 2020, Thurston County Jail implemented multiple procedures to screen and contain COVID-19 outbreaks in the jail. *Id.* The jail's intake procedure included COVID-19 intake screenings for incoming prisoners. *Id.* at 2, 4.

REPORT AND RECOMMENDATION - 6

Prisoners that were suspected of contracting COVID-19 or displayed symptoms were isolated in "negative air flow cells" separate from other housing units. Dkt. 25 at 2. Prisoners that tested positive for COVID-19 were isolated from the general population. *Id.* at 2, 6. At first, jail staff was required to wear personal protective equipment, including N95 masks, when interacting with prisoners suspected of contracting COVID-19. *Id.* However, on July 12, 2020, defendant instituted a "Facial Covering Directive" in the jail that expanded the use of face masks to both prisoners, staff, and public visitors. *See id.* at 11–12.

According to Mr. Thoma, "[s]ocial distancing was encouraged whenever possible" and "enhanced cleaning and personal hygiene, such as handwashing, was directed." Dkt. 25 at 2. He also states that "the Jail worked with the Thurston County Superior Court, District Court, Prosecuting Attorney's Office, and Office of Public Defense to reduce the overall Jail population." *Id.* at 3.

### B. Plaintiff's Evidence

Plaintiff's response to defendant's motion for summary judgment is signed under penalty of perjury, so the Court considers facts alleged therein as evidence, but plaintiff's complaint was not signed under penalty of perjury and therefore the Court cannot consider it as evidence. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (in a *pro se* case, the court will consider a complaint signed under penalty of perjury as evidence to the extent it is based upon personal knowledge that would be admissible in evidence); *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995) (to be a "verified" complaint considered as evidence, the complaint must be signed under penalty of perjury in compliance with 28 U.S.C. § 1746). However, even if the Court considers the allegations in plaintiff's complaint as evidence, he still fails to present sufficient evidence to support his claim.

1        Plaintiff initially alleged that in July of 2020, when he was a pretrial detainee at Thurston

2  County Jail, defendant failed to implement COVID-19 protocols such as social distancing,

3  wearing face masks, having hand sanitizers available, and quarantining individuals. *See* Dkt. 9 at

4  7–8. In his complaint, plaintiff alleged that defendant's policy was to not check prisoners for

5  COVID-19 symptoms or conduct rapid tests upon booking, to deny face masks, to not allow

6  recently booked prisoners to quarantine, and to not allow prisoners to practice social distancing

7  "at all whatsoever." *Id.* at 8–9. He further alleged that Thurston County Sheriff John Snaza made

8  it the official policy of Thurston County to not require face masks when he announced that he

9  would not criminally enforce the County's mask mandate or require deputies to wear them in

10  emergency responses. *See id.* at 12.

11        However, in his response to defendant's motion for summary judgment, plaintiff

12  concedes that defendant did have a policy but claims that it was not enforced. *See* Dkt. 28 at 2.

13  He states that none of the prisoners had masks and that half of the deputies chose not to wear one

14  because Sheriff Snaza made it optional for them. *See id.* He claims that jail staff did not enforce

15  the policy until after he was infected. *See id.* However, plaintiff does not explain what defendant

16  did differently after he was infected that it did not do before.

17        **C.  Discussion**

18        Plaintiff's main contention in his amended complaint was that defendant did not

19  implement any COVID-19 policies. *See* Dkt. 9 at 7–8. Plaintiff now concedes that defendant did

20  implement policies—and states that he "like[s] the policy"—but alleges that the policies were

21  not followed. *See* Dkt. 28 at 2. However, plaintiff only offers sweeping conclusory allegations

22  and speculation to support his new position. *See id.* ("None of those polic[ies] were enforced at

23  [all]. Not even a [l]ittle [b]it."). That is not enough to survive summary judgment. *See Thornhill*

24

1  *Pub. Co.*, 594 F.2d at 738 (concluding that "Thornhill failed to set forth any specific facts within his personal knowledge in support of this assertion."); *Donnelly v. Guion*, 467 F.2d 290, 293 (2d Cir. 1972) ("If, indeed, evidence was available to underpin (the) conclusory statement, Rule 56 required (the party opposing summary judgment) to come forward with it.").

Even if certain policies, such as wearing a mask, were violated by some jail staff, plaintiff provides nothing to support his claim that defendant condoned any violation of the jail's COVID-19 policy, so as to make it a custom or practice adopted by defendant. Plaintiff's reliance on Sheriff Snaza's announcement that he would not criminally enforce the mask mandate and would not require deputies to wear them in emergency responses has no bearing on the jail's COVID-19 response. He merely speculates that jail staff took that announcement to mean they were free to violate all of the jail's COVID-19 policies.

On the other hand, defendant has established that Thurston County Jail undertook an evolving approach to address the risks of COVID-19 within the jail setting, including screenings, quarantines, face mask directives, encouraging social distancing, and enhanced cleaning. *See* Dkt. 25 at 1–3. Defendant has shown that Thurston County Jail attempted to address the risks of COVID-19 and attempted to mitigate them within the confines of the jail setting. Even if these measures did not eliminate all risk of contracting COVID-19, this does not establish that defendant was deliberately indifferent to plaintiff's serious medical needs. *See Hope v. Warden York Cty. Prison*, 972 F.3d 310, 330 (3rd Cir. 2020).

The Court recognizes that plaintiff's concerns regarding the risks COVID-19 presented—and continues to present—in prisons are valid. At the same time, the appropriate response to the pandemic has continuously evolved and not all responses are going to be perfect. *See Maney v. Brown*, No. 6:20-CV-00570-SB, 2020 WL 2839423, at *3 (D. Or. June 1, 2020) ("the question is

not whether [defendant] can do better, the question is whether [defendant] has acted with indifference to the risks posed by COVID-19."). To hold a defendant liable for its handling of the COVID-19 pandemic under the Fourteenth Amendment's deliberate indifference standard, a plaintiff has to show that defendant was more than negligent—"something akin to reckless disregard." *Gordon* 888 F.3d 1118, 1125. However, plaintiff's conclusory and speculative allegations are not enough to create a triable issue of fact to survive summary judgment.

Accordingly, the Court recommends that defendant's motion for summary judgment be granted.

### IV. IFP on Appeal

IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3). A plaintiff satisfies the "good faith" requirement if he seeks review of an issue that is "not frivolous," and an appeal is frivolous where it lacks any arguable basis in law or fact. *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, as noted, plaintiff failed to sufficiently rebut defendant's summary judgment showing that it implemented several COVID-19 policies and was not deliberately indifferent to the risk of COVID-19 infection. As such, the undersigned recommends that plaintiff's IFP status be revoked for purposes of any appeal.

### CONCLUSION

The Court recommends that defendant's motion for summary judgment (Dkt. 23) be granted and that plaintiff's deliberate indifference claim be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 1, 2022**, as noted in the caption.

Dated this 13th day of June, 2022.

J. Richard Creatura
Chief United States Magistrate Judge